08-2250-cr
United States v. Serrano

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                      Circuit Judges,

_____

UNITED STATES OF AMERICA,

                              Appellee,

            -v-                                              08-2250-cr

MIGUEL ANGEL SERRANO, also known as Flavo,

                              Defendant-Appellant.

_____

Appearing for Appellant: Lawrence Gerzog, New York, NY.
Appearing for Appellee:   Michael J. Garcia, United States Attorney for the Southern District of
        New York, Michael Farbiarz and Katherine Polk Failla, Assistant United States
        Attorneys, New York, NY.

        Appeal from the United States District Court for the Southern District of New York (Swain, J.).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Miguel Angel Serrano challenges as procedurally unreasonable the seventy-month sentence of imprisonment imposed upon him by the district court following his plea of guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Serrano contends that his sentence is procedurally unreasonable because the district court failed to adjust his Guidelines range downward pursuant to U.S.S.G. § 3B1.2(b) based on the minor role he claims to have played in the conspiracy. A Section 3B1.2 adjustment is appropriate only if the defendant is "substantially less culpable than the average participant." U.S.S.G. § 3 B1.2 cmt. n.3(A). The defendant seeking the adjustment has the burden of proving entitlement to it by the preponderance of the evidence. United States v. Yu, 285 F.3d 192, 200 (2d Cir. 2002). There was no error in the district court's conclusion that Serrano failed to satisfy this burden. It was Serrano who procured and drove the van in which the transaction took place, and it was Serrano who showed the drugs to the prospective customer, a confidential informer. The only other participant in the conspiracy arranged the deal with the customer, rode in the car, and handed the drugs to the customer. Serrano also bragged to the customer that he had buyers for large quantities of cocaine. While Serrano argues that the crime was completed before he displayed the drugs, it certainly was not over in defendants' minds because they had not yet been paid. Therefore, both Serrano's actions and his statement could reasonably be viewed as playing a significant role in the successful completion of the crime, and the district court correctly concluded that his role was not "substantially less culpable than the average participant" in a two-person drug conspiracy. See United States v. Carpenter, 252 F.3d 230, 235 (2d Cir. 2001) (internal quotation and emphasis omitted).

Serrano also argues that vacatur is compelled because the district court failed to consider Serrano's relationship with his co-conspirator or his knowledge of the scope of the conspiracy as required by Yu, 285 F.3d at 200. However, absent evidence to the contrary, we will assume the district court's understanding of the relevant factors and its consideration of them. See U.S. v. Verkhoglyd, 516 F.3d 122, 131 (2d Cir. 2008) (in the context of Section 3553(a) sentencing factors, concluding that "we will not assume a failure of consideration simply because a district court rails to enumerate or discuss each Section 3553(a) factor individually.") Further, our reading of the sentencing colloquy is that the district court did consider all relevant factors albeit without according them the labels set out in Yu.

Therefore, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2